Nicholas M. Wajda (State Bar #259178)
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, CA 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINO CLARK,<br><br>                    Plaintiff,<br><br>        v.<br><br>ACCESS FINANCE, INC.,<br><br>                    Defendant. | Case No. 5:20-cv-01533<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

**NOW COMES** Tino Clark ("Plaintiff"), by and through the undersigned attorney, WAJDA complaining as to the conduct of Access Finance, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

### PARTIES

4.   Plaintiff is a consumer over-the-age of 18 residing in Riverside County, California, which lies within the Central District of California.

5.   Defendant is a company headquartered at 3415 Sepulveda Blvd #410, Los Angeles, California 90034. Upon information and belief, Defendant's primary business purpose is the collection of defaulted auto and title loans.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTUAL ALLEGATIONS

7.   Prior to October 2019, obtained a title loan through Ten Minute Title Loans ("subject debt").

8.   In or around October 2019, Plaintiff fell behind on his scheduled payments and defaulted on the subject debt.

9.   Around July 2020, after Plaintiff had defaulted on the subject debt, Defendant purchased the defaulted subject debt for the express purpose of collecting on the defaulted subject debt.

10. On July 6, 2020, Defendant mailed or caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject debt.

11. Based on the structure and contents of Defendant's July 6, 2020 letter, it is clear that Defendant's letter was an attempt to collect upon the subject debt. The fact that Defendant's July 6, 2020 letter was an attempt to collect upon the subject consumer debt is highlighted by the following portion: "[W]e are looking forward to…helping you get it paid off as soon as possible." As well as "Please call our office as soon as possible to discuss this account or to make payment arrangements."

12. Defendant's clear attempt to collect upon the subject debt is emphasized by its call to action, asking Plaintiff to contact Defendant to address the subject consumer debt.

13. Moreover, Defendant failed to disclose itself as a debt collector and also neglected to mention that any information Defendant gathered from Plaintiff would be used for debt collection purposes.

14. Upon information and belief, Defendant's July 6, 2020 letter was the only written communication between Plaintiff and Defendant.

15. Defendant's July 6, 2020 letter did not include the statutorily mandated information pursuant to 15 U.S.C. §1692g. Consequently, Defendant has failed to comply with 15 U.S.C. §1692g.

16. Plaintiff spoke with Wajda regarding the correspondence, resulting in pecuniary loss and expenditure of resources.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692e

22. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

23. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)."

24. Defendant violated 15 U.S.C. § 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector in its collection letter. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from prosecuting an FDCPA claim against it.

### b.  Violations of FDCPA § 1692f

25. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

26. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an

4

unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector, and unlawfully designed to shield itself from any potential retaliation.

### c.  Violations of FDCPA § 1692g

27. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

28. Defendant violated § 1692g by failing to provide the written information required within five days after the respective initial communications with Plaintiff.

**WHEREFORE**, Plaintiff, TINO CLARK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

31. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

32. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

33. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

34. As outlined above, through their conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, f, and g of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

35. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, TINO CLARK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f.  Award any other relief as the Honorable Court deems just and proper.

Dated: July 31, 2020                    Respectfully submitted,

                                        By: /s/ Nicholas M. Wajda
                                        Nicholas M. Wajda
                                        WAJDA LAW GROUP, APC
                                        6167 Bristol Parkway, Suite 200
                                        Culver City, California 90230
                                        Telephone: (310) 997-0471
                                        Facsimile: (866) 286-8433
                                        Email: nick@wajdalawgroup.com